**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CENTER FOR INDEPENDENT LIVING OF NORTH CENTRAL PENNSYLVANIA,** ***et al.,*** | : | |
| **Plaintiffs,** | : | **C.A. No. 4:20-cv-01211-MWB** |
| **v.** | : | |
| **CITY OF WILLIAMSPORT,** | : | |
| **Defendant.** | : | |

**JOINT MOTION**
**TO APPROVE CONSENT DECREE FURTHER AGREEMENT AND STIPULATION**

All Plaintiffs and Defendant City of Williamsport, Pennsylvania respectfully submit to this Honorable Court for its consideration and approval the Consent Decree Further Agreement and Stipulation, incorporated and attached hereto as Exhibit A, executed by the parties. A proposed order is attached.

Respectfully submitted,


DAVID FERLEGER, ESQUIRE*
620 W. Mt. Airy Ave.
Philadelphia, PA 19119
215-498-1777
*david@ferleger .com*

/s (with permission)
THOMAS H. EARLE, ESQUIRE 112 N. 8th Street,
Suite 600
Philadelphia, PA 19107
(215) 620-3347
*thomasearle@libertyresources.org*

*Attorneys for Plaintiffs*
*Center for Independent Living of North Central Pennsylvania, incorporated as CILNCP, Inc.;*

*ADAPT, North Central Pennsylvania; Thomas Grieco; Tima Cummings; Jay Harner; Marie Prince*

/s (with permission) ______
AUSTIN WHITE, ESQUIRE
835 West Fourth Street
Williamsport · PA 17701
(570) 326-5131
AWhite@mcclaw.com

*Attorneys for Defendant City of Williamsport*

**IN THE UNITED STATES DISTRICT COURT**
**FOR PENNSYLVANIA**

| | | |
|---|---|---|
| **CENTER FOR INDEPENDENT LIVING OF NORTH CENTRAL PENNSYLVANIA, *et al.*,** | : | |
| | : | **C.A. No. 4:20-cv-01211-MWB** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **CITY OF WILLIAMSPORT,** | : | |
| **Defendant.** | : | |

**EXHIBIT A**

**Consent Decree**
**Further Agreement and Stipulation**

This **Consent Decree: Further Agreement and Stipulation** is intended to a) reference substantial progress achieved in implementation of the Consent Decree (Doc. 15, Mar. 10, 2021), b) encompass further agreements intended to bring about compliance by the City of Williamsport with Title II of the Americans with Disabilities Act, *inter alia*,[1] with regard to the City's services, functions, programs, and activities progress, and c) address the effect (and in some respects, the anticipated effects) of the closure to the public of City Hall, and relocation from City Hall of all services and programs, including its police department, to other city locations.

The parties are optimistic that terms herein will facilitate a) the conclusion in the near future of the active implementation of the Consent Decree and this further agreement and stipulation and b) further expansion, maintenance of effort, and compliance by Defendant with Title II of the ADA and the Consent Decree. In addition, Plaintiff's may seek an award of attorney fees and expenses which are allowed under the Decree for activities subsequent to the Court's approval of

[1] Specifically, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, (Section 504") and its implementing regulations, 34 C.F.R. Pair 104, the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12101-12213 ("ADA"), and their implementing regulations.

the Consent Decree; Defendant may contest the reasonableness of the requested rate[3] The parties will update the Court from time to time on the status of these matters.

**A. City Hall**

1. The Consent Decree includes several provisions for compliance with ADA Title II accessibility standards. The City represents that it has relocated all services and programs, including its police department, to other city locations. No access to City Hall for any purpose is or will be permitted to members of the public; therefore, the City is taking the position that it is no longer providing any city services, functions, programs, or activities at its City Hall building and that it is no longer required to complete its remaining Title II access obligations under the Consent Decree at this building.[4]

2. The City remains in pursuit of selling City Hall, has announced that decision publicly, and has contracted with a real estate firm to market the property. No Agreement of Sale has been signed yet, however. The City is also reviewing proposals from professional firms in terms of a feasibility study for the future location of services that were formerly being provided at City Hall.

3. Without waiving any rights to enforce their rights under the laws and regulations at footnote 1 herein, or the Consent Decree, Plaintiffs accept the City's position on City Hall, as stated above, on an interim basis until the building is sold.

---

[3] *See* Consent Decree Sections VII, VIII, X and XI (reporting, monitoring, dispute resolution, enforcement, attorneys' fees and costs) on work performed related to this lawsuit and subsequent to the Consent Decree, and with reference to development of this Agreement and subsequent thereto.

[4] Certain City records are archived on a temporary basis at City Hall pending removal and are in the process of being digitized offsite by a third-party vendor. The digitization of the Police department records was recently awarded. Digitization of archive documents at City Hall is the subject of a Request for Proposals which issued in 2023 but has not yet been awarded. Pending the digitalization, members of the public do not and will not have access to archived records at City Hall or any location which is not compliant with ADA Title II standards.

4. Should the City not sell City Hall, and desire to resume any of its programs, functions, or activities at City Hall, the City will provide the Plaintiffs with no less than 90 days notice of intention of said resumption, and may do so subject to the Consent Decree's Workplan provisions. Plaintiffs have the right to pursue any and all rights under the Consent Decree.

**B. Public Works Building**

1. City services and programs are being provided in the Public Works Building which was not initially surveyed by the City and included in the ADA assessment process by Mark Derry & Associates (agreed to by the parties) and the subsequent ADA Work Plan under the Consent Decree. The Derry survey is limited to those areas that are publicly accessible. The City and Plaintiffs agree to have the Public Works building assessed by the Derry firm within 45 days; actions required under the ADA will be included in the Consent Decree Work Plan, and the actions completed by the City within a reasonable timeframe agreed to by the Plaintiffs and the City within 45 days of the Work Plan revision.

**C. City Staff ADA Training Materials**

1. The current City Staff ADA Training Materials do not include a section on the ADA's interactive reasonable accommodation process in the training materials provided to all City staff. The materials include inappropriate use of the "R" word.

2. Plaintiff CILNCP/RTF will collaborate directly with the City to make the needed additions/changes to the ADA Training Materials. The City's new Director of Human Resources is Cynthia Hart, MBA, who is designated for this work.

D. Workplan and Joint Committee

The Consent Decree requires a "workplan for compliance with this Agreement." Consent Decree at Section III, C., D, and E. Those provisions address workplan development, modifications, scheduling and updates. The responsibilities of Plaintiffs, Defendants and a specified Joint Committee are described as well in those provisions. With counsel for the parties, Plaintiff CILNCP/RTF will collaborate with the City to facilitate non-adversarial cooperation, effectiveness, and open responsiveness and communication in the Joint Committee's functioning.

The Joint Committee, as set forth in the Consent Decree, will reconvene for regular meetings, beginning within 30 days. The ADA Coordinator will attend all Joint Committee meetings, Defendant's counsel, Solicitor Austin White, will attend at least the first reconvened meeting, and will attend and facilitate all other necessary Joint Committee meetings.

[End]

**IN THE UNITED STATES DISTRICT COURT**
**FOR PENNSYLVANIA**

| | | |
|---|---|---|
| **CENTER FOR INDEPENDENT LIVING OF NORTH CENTRAL PENNSYLVANIA, *et al.*,** | : | |
| **Plaintiffs,** | : | **C.A. No. 4:20-cv-01211-MWB** |
| **v.** | : | |
| **CITY OF WILLIAMSPORT,** | : | |
| **Defendant.** | : | |

**CERTIFICATE OF SERVICE**

**JOINT MOTION**
**TO APPROVE CONSENT DECREE FURTHER AGREEMENT AND STIPULATION**

David Ferleger, Attorney for Plaintiffs, respectfully certify that all Plaintiffs and Defendant City of Williamsport, Pennsylvania have been served through the ECF system and by email to counsel on May 29, 2024.

Respectfully submitted,

DAVID FERLEGER, ESQUIRE*
620 W. Mt. Airy Ave.
Philadelphia, PA 19119
215-498-1777
*david@ferleger .com*